**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **KEVIN GUSTAVO AGUILAR LOPEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-919-R** |
| | ) | |
| **MARKWAYNE MULLIN, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Kevin Gustavo Aguilar Lopez, a citizen of Honduras proceeding *pro se*,[1] filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition") challenging his detention by the U.S. Immigration and Customs Enforcement ("ICE").[2] (Doc. 1).[3] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). (Doc. 3). In accordance with the expedited briefing schedule, (Doc. 5), Respondents timely filed a Response, (Doc. 7). In response to the Court's order, (Doc. 8), Respondents filed a

---

[1] A *pro se* litigant's pleadings are liberally construed "and held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). But the court cannot serve as Petitioner's advocate, creating arguments on his behalf. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008).

[2] Petitioner is housed at Cimarron Correctional Facility in Cushing, Oklahoma. (Doc. 1, at 1).

[3] Citations to the parties' filings and attached exhibits will refer to this Court's CM/ECF pagination.

Supplemental Response, (Doc. 10), and two Notices, (Docs. 11, 12). The last such notice advised that Petitioner was removed from the United States. (Doc. 12). As set forth fully below, the undersigned recommends that the Court **DISMISS** the Petition as **moot** because Petitioner is no longer in ICE custody and this Court can grant no relief to him.

## I. Factual and Procedural Background

Petitioner is a citizen of Honduras who entered the United States without inspection or admission on or about February 23, 2016. (Doc. 7, at Ex. 1). Days later, ICE instituted removal proceedings against him through issuance of a Notice to Appear ("NTA"), alleging he was an alien present in the United States who had not been admitted or paroled. (*Id.*) ICE took custody of Petitioner on or about July 29, 2025. (Doc. 1, at 6; Doc. 7, at 5). Petitioner requested a custody redetermination, but on October 22, 2025, an immigration judge denied it for lack of jurisdiction. (Doc. 7, at Ex. 6).

Petitioner filed the instant Petition on April 20, 2026. (Doc. 1, at 8). He alleged violation of his due process rights because he "was never given an individualized bond hearing." (*Id.* at 6). He also alleged a violation of the Immigration and Nationality Act ("INA") and ICE regulations because "ICE has not provided why [he has] been in detention since" July 29, 2025. (*Id.*) For relief, Petitioner requested "immediate release on 'order of supervision' or be given the opportunity for an individualized bond hearing or simply be given the chance for asylum." (*Id.* at 7).

During his removal proceedings, Petitioner filed a Form I-589, Application for Asylum and for Withholding of Removal. (Doc. 7, at Ex. 7). On May 5, 2026, an immigration judge denied Petitioner's Application as to asylum and withholding of

removal, but granted his application for post-conclusion voluntary departure. (*Id*. at Ex. 8, at 1-2).

The Response to the Petition was filed on May 12, 2026, and asserted that Petitioner's detention was proper under the INA. (Doc. 7). On June 11, 2026, Respondents' Supplemental Response stated that Petitioner failed to file an appeal of his denial of asylum and withholding, such that Petitioner was remained properly detained pursuant to 8 U.S.C. § 1229c(b). (Doc. 10, at 2). On June 30, 2026, Respondents advised that Petitioner would be "transferred outside this judicial district and will subsequently be removed from the United States." (Doc. 11). On August 3, 2026, Respondents advised that "on August 1, 2026, Petitioner was removed from the United States" and argued that the Petition is now moot. (Doc. 12).

## II. Analysis

The Court had jurisdiction over this matter when it was initially filed. *See Phakousonh v. Mullin*, No. CIV-25-1398-JD, ECF No. 17, at *1-2 (W.D. Okla. Mar. 30, 2026) (finding the "in custody" requirement under 28 U.S.C. § 2241(c)(3) "is satisfied if a petitioner files the habeas petition while incarcerated") (citing *King v. Ciolli*, 2024 WL 1179909, at *2 (10th Cir. Mar. 19, 2024)). Further, the Petition was properly filed in this district due to Petitioner's detention here. *See Haugh v. Booker*, 210 F.3d 1147, 1149 (10th Cir. 2000). "[J]urisdiction attaches on the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change." *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985). But here, "the more substantial question . . . is whether petitioner's subsequent [release from ICE custody]

caused the petition to be moot because it no longer presented a case or controversy under Article III, § 2, of the Constitution." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). The answer is yes.

"An 'actual controversy must be extant at all stages of review, not merely at the time the complaint is filed.'" *Alvarez v. Smith*, 558 U.S. 87, 92 (2009) (quoting *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975)). Thus, "if an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 72 (2013) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-478 (1990)). So a case is "moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012) (citation modified).

Petitioner is no longer in ICE custody. "Once Respondents released [him] from their custody, he no longer had a redressable injury arising from his detention." *Phakousonh*, ECF No. 17, at *3. Thus, this action should be dismissed as moot. *See, e.g., Kambanda v. Grant*, No. CIV-26-552-SLP, 2026 WL 1740563, at *1 (W.D. Okla. June 16, 2026); *Phakousonh*, ECF No. 17, at *3.

## III. Recommendation and Notice of Right to Object

For the reasons discussed above, the Court recommends that the Court **DISMISS** the Petition, (Doc. 1), as **moot** because Petitioner is no longer in ICE custody.

**The court advises the parties of their right to object to this Report and Recommendation by August 19, 2026**, under 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P.

72(b)(2). The Court further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues and terminates the referral to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 5th day of August, 2026.

Amanda L. Maxfield

AMANDA L. MAXFIELD
UNITED STATES MAGISTRATE JUDGE